### BOURNE v. BLUE POINTS CO.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

MUNICIPAL CORPORATIONS ⬤⟿671—PUBLIC NUISANCE—ACTION BY INDIVIDUAL.

    That one may be specially damaged, and so entitled to maintain action for injunction against obstruction of the right of the public to passage between the foot of a street, at high water, and navigable waters, he need not be an abutting owner on the street.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1447–1450; Dec. Dig. ⬤⟿671.]

Appeal from Special Term, Suffolk County.

Action by Frederick G. Bourne against the Blue Points Company. From an adverse judgment, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

PER CURIAM. For the reasons stated in the opinion in Hard v. Blue Points Co., 156 N. Y. Supp. 465, decided herewith, it must be held that defendant unlawfully encroaches on the foot of West street. Though not strictly an abutter on West street, this respondent, Bourne, has a right of direct access to the bay through West street from his land on South Country road, and further, as appurtenant to his other lands, holds a residuum of certain landing and strand rights covering the easterly half of West street, as it extends to and upon the shore, all of which entitled him to the relief granted by the court. Its findings of fact are therefore confirmed; but the first conclusion of law is enlarged by striking out the limitation to first cause of action, and amending same at folio 108, so as to read, "which entitles him to maintain the causes of action alleged in his complaint."

The judgment appealed from is therefore affirmed, with costs.